IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PAUL EUGENE HENSON, | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. 4:13-cv-789-O |
| WILLIAM STEPHENS, DIRECTOR TDCJ-CID, | § | |
| Respondent. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation (ECF No. 5), filed September 30, 2013, in this case. On October 9, 2013, Petitioner filed Objections (ECF No. 6). The Court has conducted a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

The instant petition is Petitioner's second federal petition for writ of habeas corpus pursuant to § 2254, in which Petitioner challenges his 2010 state court conviction for possession with intent to deliver a controlled substance. Findings, Conclusions, and Recommendation 2, ECF No. 5; *see also Henson v. Thaler*, No. 4:12-cv-759-Y, ECF No. 20 (N.D. Tex. Mar. 27, 2013) (Means, J.) (Order Adopting Magistrate Judge's Findings and Conclusions and denying Petitioner first § 2254 petition). Petitioner also challenges the forfeiture of his money and property. Findings, Conclusions, and Recommendation 2, ECF No. 5.

Petitioner filed the instant petition on September 25, 2013, but Petitioner has not demonstrated that he obtained authorization from the Fifth Circuit to file this petition. *See* Findings,

Conclusions, and Recommendation 3, ECF No. 5; *see also* Petition, ECF No. 1. The Magistrate Judge recommended that this case be transferred to the Court of Appeals for the Fifth Circuit to determine whether the petitioner should be allowed to file the petition in the district court. *Id.* at 4 (citing *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)). Petitioner filed an objection, but did not address whether he had obtained authorization from the Fifth Circuit to file this successive petition, other than noting that he "had no way of knowing" that he needed to obtained authorization from the Fifth Circuit. *See* Pet.'s Objection 1, ECF No. 6.

When a petition is second or successive, the petitioner must first seek an order from the appropriate Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *see also Strickland v. Thaler*, 701 F.3d 171, 174 (5th Cir. 2012) (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) ("Under § 2244(b)(3)(A), a district court is barred from asserting jurisdiction over a claim presented in 'a second or successive application' unless [the Court of Appeals] grant[s] the petitioner permission to file the application."). This requirement is applicable when the prior habeas petition was dismissed with prejudice on statute of limitations grounds. *See Qadir v. Stephens*, No. 4:13-cv-717-C, 2013 WL 5366066, at *1 (N.D. Tex. Sept. 25, 2013) (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *Anders v. Cockrell*, No. 3-02-cv-2513-N, 2003 WL 102615, at *2 (N.D. Tex. Jan. 8, 2003); *Somerville v. Cockrell*, No. 3:02-cv-0380-L, 2002 WL 31441226, at *2 (N.D. Tex. Oct. 29, 2002) ("The fact that an earlier petition was dismissed with prejudice on limitations grounds does not remove the subsequent petition from the second-successive requirements of § 2244(b)."). A petition is "second or successive" when it "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been

raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

The challenges in the instant petition could have been raised in Petitioner's first petition. *See* Petition, ECF No. 1 (asserting claims for (1) violation of the Double Jeopardy Clause (grounds one and two); (2) denial of due process (ground three); and (3) ineffective assistance of counsel (ground four)); *see also In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009). The Court also notes that some of these claims were raised in Petitioner's earlier petition. *See Adams v. Thaler*, 679 F.3d 312, 321-22 (5th Cir. 2012) (noting that court "must construe [a] second-in-time habeas petition as successive" when petitioner raises claims that were brought in prior petition); *see also* Pet.'s Objection 1-3, ECF No. 6 (stating that the "Issues Presented" include "the variance between the original arrest and charge" and that "counsel's performance fell below an objective standard of reasonableness"); *Henson v. Thaler*, No. 4:12-cv-759-Y, ECF No. 18, p. 2-3 (N.D. Tex. Mar. 8, 2013) (stating Petitioner's four grounds for habeas relief in prior petition, including ineffective assistance of counsel and denial of due process due to variance between the original complaint and indictment). Therefore, because the instant petition is successive, this Court is without jurisdiction to entertain the petition unless leave to file is granted by the Fifth Circuit. *See Strickland*, 701 F.3d at 174; *Crone*, 324 F.3d 833.

Accordingly, it is therefore **ORDERED** that the petition for habeas corpus relief, brought pursuant to 28 U.S.C. § 2254, is hereby **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d at 365.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference its Memorandum Order filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

In the event, the petitioner will file a notice of appeal, the court notes that

( )    the petitioner will proceed *in forma pauperis* on appeal.

( **X** )    the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED** on this **15th day** of **October, 2013.**

                                            Reed O'Connor
                                            **UNITED STATES DISTRICT JUDGE**

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
    **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.